# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 7, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| EMILY MEACHAM *and* | * | No. 19-79V |
| CHRISTOPHER RYAN ST. ANDRE, | * | |
| *as Co-Administrators of* THE ESTATE OF | * | |
| JOEY LYNN BATES, DECEASED, | * | |
| | * | |
| Petitioners, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | Stipulation for Award; Influenza |
| SECRETARY OF HEALTH | * | ("Flu") Vaccine; Guillain-Barré |
| AND HUMAN SERVICES, | * | Syndrome ("GBS"); Death |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

William E. Cochran, Jr., Black McLaren, PC, Memphis, TN, for Petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 16, 2019, Emily Meacham and Christopher Ryan St. Andre ("Petitioners"), as co-administrators of the estate of Joey Lynn Bates ("Mr. Bates"), filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012); Pet. at 1, ECF No. 1. Petitioners alleged that the influenza ("flu") vaccine Mr. Bates received on October 6, 2017, resulted in Guillain-Barré Syndrome ("GBS") and death. *Id.*; *see also* Stip. at 1, ECF No. 33. Petitioners further alleged that "Mr. Bates suffered the first symptom of onset of [GBS] within the Table time period following administration of the flu vaccine, and that his injury met the Vaccine Injury Table criteria." Stip. at 1. Petitioners also alleged that "Mr. Bates died on April 4, 2018, as the result of his receipt of the flu vaccine." *Id.* at 1–2. Alternatively, "Petitioners alleged that Mr. Bates's GBS and death were caused-in-fact by his flu vaccination." *Id.* at 2.

---

[1] This Decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On April 6, 2021, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioners. *Id.* Respondent "denies that Mr. Bates sustained a GBS Table injury, and denies that the flu vaccine caused Mr. Bate's alleged GBS, any other injury, or his death." *Id.* Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. *Id.* I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioners shall receive the following compensation:

> **A lump sum of $325,000.00 in the form of a check payable to [P]etitioners as legal representatives of the Estate of Joey Lynn Bates. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)[.]**

*Id.*

I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| EMILY MEACHAM and CHRISTOPHER RYAN ST. ANDRE, as CO-ADMINISTRATORS of the ESTATE of JOEY LYNN BATES, DECEASED,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 19-79V<br>Special Master Sanders<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Emily Meacham and Christopher Ryan St. Andre ("petitioners"), on behalf of the Estate of Joey Lynn Bates ("Mr. Bates"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for the injuries and the death of Mr. Bates ("Mr. Bates") allegedly related to the receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Bates received the flu vaccine on October 6, 2017.

3. The vaccine was administered within the United States.

4. Petitioners allege that Mr. Bates suffered the first symptom of onset of Guillain Barré Syndrome ("GBS") within the Table time period following administration of the flu vaccine, and that his injury met the Vaccine Injury Table criteria. Petitioners further allege that Mr. Bates

died on April 4, 2018, as the result of his receipt of the flu vaccine. In the alternative, petitioners alleged that Mr. Bates's GBS and death were caused-in-fact by his flu vaccination.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Bates as the result of his alleged vaccine injury or his death.

6. Respondent denies that Mr. Bates sustained a GBS Table injury, and denies that the flu vaccine caused Mr. Bates's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $325,000.00 in the form of a check payable to petitioners as legal representatives of the Estate of Joey Lynn Bates. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representatives of Joey Lynn Bates's estate under the laws of the State of Tennessee. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as legal representatives of Joey Lynn Bates's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as the legal representatives of the estate of Joey Lynn Bates at the time the payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Joey Lynn Bates upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, and as Personal Representatives of the Estate of Joey Lynn Bates, on their own behalf and on behalf of the Estate of Joey Lynn Bates's and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Bates resulting from, or alleged to have resulted from, the flu vaccination administered on October 6, 2017, as alleged in a petition for vaccine compensation filed on or about January 16, 2019, in the United States Court of Federal Claims as petition No. 19-79V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Bates's alleged GBS or any other injury or his death or that Mr. Bates's death occurred as the result of a vaccine-related injury.

16. All rights and obligations of petitioners hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as the legal representatives of the Estate of Joey Lynn Bates.

END OF STIPULATION

/

/

/

Respectfully submitted,

**PETITIONERS:**

_____
EMILY MEACHAM

_____
CHRISTOPHER RYAN ST. ANDRE

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
WILLIAM E. COCHRAN, Jr.
Black, McLaren, Jones, Ryland & Griffee
520 Oak Court Drive
Suite 360
Memphis, TN 38117
(901) 762-0535

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

CAPT Dale P. Mishler, DHSc, APRN, for
_____
TAMARA OVERBY
Acting Director, Division of Injury Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Camille M Collett
by Heather L Pearl
_____
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4098
Camille.M.Collett@usdoj.gov

Dated: 04/06/2021